**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____ :
                                :
UNITED STATES OF AMERICA,        :
                                :
          v.                     :          Case No. 07-CR0107 (PLF)
                                :
MICHAEL C. IRVING.               :          Judge Paul L. Freidman
_____:

**DISTRICT OF COLUMBIA'S MOTION TO QUASH SUBPOENA _DUCES TECUM_, IN PART, OR, IN THE ALTERNATIVE, TO EXTEND THE TIME TO RESPOND TO SUBPOENA**

The District of Columbia, by and through undersigned counsel, respectfully moves this Court for an Order extending the time for the District to respond to this subpoena issued to the Office or Pay and Retirement Services (OPRS), or, in the alternative, to quash the October 16, 2007, subpoena in part.   As grounds for its Motion, the District of Columbia asserts that with the exception of those items pertaining to defendant Michael Irving's payroll records, the production of the documents requested by Defendant Michael Irving are : 1) beyond the scope of Fed. R. Crim. P. 16; and 2) not material to the defense of Defendant's case.  In addition, the production of these documents will cause an extreme hardship to the District to produce in such a short period of time and would be unduly burdensome.

A Memorandum of Points and Authorities in support of this Motion, along with a proposed Order, are attached hereto.

Respectfully submitted,

LINDA SINGER
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

/s/ *Phillip A. Lattimore, III*
Phillip A. Lattimore, III [422678]
Chief, General Litigation Sec. III

/s/ *Kerslyn D. Featherstone*
KERSLYN D. FEATHERSTONE [478758]
Assistant Attorney General
Sixth Floor South
441 4th Street, N.W.
Washington, D.C. 20001
(202) 724-6600; (202) 727-3625 (fax)
E-Mail: Kerslyn.Featherstone@dc.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY on this 22nd day of October 2007, that a copy of the foregoing Motion to Quash Subpoena, Memorandum of Supporting Points and Authorities, and proposed order were electronically served to:

David Schertler, Esq
David Dickieson, Esq.
*Counsel for Defendant*

DeMaruice Fitzgerald Smith, Esq.
*Counsel for Defendant*

Karen Kelly, Esq.
Michael P. Ben'Ary, Esq.
*Counsel for the United States*

*/s/ Kerslyn D. Featherstone*
Kerslyn D. Featherstone
Assistant Attorney General

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

—————————————————————— :
                                                    :
UNITED STATES OF AMERICA,          :
                                                    :
              v.                                    :          Case No. 07-CR0107 (PLF)
                                                    :
MICHAEL C. IRVING.                      :          Judge Paul L. Freidman
—————————————————————— :

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DISTRICT OF
COLUMBIA'S MOTION TO QUASH SUBPOENA *DUCES TECUM*, IN PART, OR, IN
THE ALTERNATIVE ,TO EXTEND THE TIME TO RESPOND TO SUBPOENA**

The District of Columbia, by and through undersigned counsel, submits    this

memorandum of points and authorities in support of its motion to quash subpoena *duces tecum,*

in part, or, in the alternative, to extend the time to respond to the subpoena that was issued to

OPRS on or about October 18, 2007.

### Relevant Facts

On October 17, 2007, this Court (Friedman, J.) issued an order directing the District of

Columbia Government's OPRS to produce tax-related documents that fell within six broad areas

as enumerated in the rider that is attached to defendant Irving's subpoena *duces tecum.* See Exh.

No. 1.

The District of Columbia was served with this court's order during the late afternoon of

October 18th, 2007.  In response to this order, the undersigned contacted the Office of Chief

Financial Officer (OCFO), the Metropolitan Police Department (MPD), and OPRS on October

19th, 2007, to discuss whether each of the above-referenced agencies had in its custody,

possession and control documents that would be responsive to this court's order, and if so,

whether the District was either barred by law from producing these documents to third parties, or

3

unable to produce the documents within seventy-two hours because defendant's request was unduly burdensome. After extensive and lengthy discussions with representatives from MPD, OCFO and OPRS, the District of Columbia responds to this court's order and defendant's subpoena as follows[1]:

    A.    **All payroll records relating to Michael C. Irving during the period January 1, 2000 to present, including, but not limited to: a) District of Columbia Forms D-4; b) Internal Revenue Service Forms W-4; c) Any documents relating to Mr. Irving's claim that he was "exempt" from D.C. or Federal taxes; and d) Any transmittal payroll records relating to Michael C. Irving indicating, for example, any action taken or to be taken by the Payroll Unit with respect to Detective Irving.**

    The government is able to provide copies of the defendant's D-4 and W-4 forms from January 1, 2000 to present. As to any other documents pertaining to defendant's request pursuant to subsections (c) and (d), this office has been informed that these documents are not in the possession of OPRS, who represented to this agency that it would generally collect and maintain only D-4 and W-4 forms for *current* District employees. Emphasis added. Even though the order and subpoena were specifically directed to OPRS, this office also contacted the controller's office of MPD, who also stated that it had no responsibility for collecting and maintaining documents that pertained to items (c) and (d) above, and that it did not have these documents. Therefore, the District moves to quash the production of these requested said records (c and d).

    B.    **All payroll records from 2000 to the present relating to full-time employees who asserted the claim that they were exempt from D.C. or Federal taxes.**

    The government objects to the production of these documents. Fed. R. Crim. P 16(a)(E), 18 U.S.C.A., provides as follows:

> Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and:

---

[1] On October 19, 2007, counsel for the District of Columbia telephoned counsel for defendant, the United States Government as well as the court to inform the parties of how the District would respond to defendant's subpoena request.

**(i)** the item is material to preparing the defense;
**(ii)** the government intends to use the item in its case-in-chief at trial; or
**(iii)** the item was obtained from or belongs to the defendant.

In requesting these documents, defendant has failed to show how the exemption documents of other MPD employees are material to preparing his defense, especially since the District is not prosecuting him for any criminal offense. Moreover, defendant Irving has not shown how the United States intends to use the requested items in its case-in-chief at trial. Finally, defendant Irving requests documents that do not belong to him.

Furthermore, pursuant to Fed. R. Crim. P. 17(c)(2), "[o]n motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive." The District submits that compliance with defendant's request would be both unreasonable and oppressive for the following reasons:

First, the OPRS would have to generate a report that would identify all MPD employees from its database that identifies all District of Columbia government employees who work at over eighty or more agencies and departments.

Second, OPRS would have to generating a second report from the above report to identify all current MPD employees who requested exempt status from the District of Columbia and the United States Government.

Third, after identifying MPD employees who requested exempt status from both the District and the United Sates, OPRS employees would have to manually redact from the generated list sensitive employment information (i.e. direct deposit, social security, address, bank account, insurance information).
Fourth, after redacting this information from the generated list, OPRS staff would have to manually retrieve the D-4 and W-4 forms of each MPD employee who requested an exemption to verify that the employee did in fact request an exemption from the District and the US.

Fifth, each document would have to be photocopied and prepared for production.

Sixth, for retired and terminated employees of MPD, those employees' payroll records and files would have to be checked and retrieved from other agencies as those employee's information are no longer kept with OPRS. The aforementioned five step process of generating reports and redacting and copying documents would have to be repeated for these retired employees.

As the Court can see, the volume of documents being requested by the defendant would be severely oppressive and unreasonable, especially when the defendant has failed to state how these documents would be material to his defense.  The District would have to pull two full-time employees from their regular duties to work on this request.  The request is labor intensive, which requires substantial manual labor of photocopying and redacting of documents. Additionally, because the District government is currently converting to a new payroll system, Peoplesoft, at this time, OPRS has estimated that this request alone could take at a minimum 3 weeks to complete.

Finally, the District further objects to the production of these documents because the payroll records of other employees have no bearing on the charges levied against the defendant. Here, the defendant cannot show that just because other MPD employees may have filed exempt status during the year does not necessarily mean that they did not pay their tax bill to both the District of Columbia and the Internal Revenue Service at the end of the year.  There has been no sufficient nexus shown between the defendant and other MPD employees who have not been charged in this action for this Court to order the District to copy and inspect payroll records of other MPD employees.

For all the reasons stated, the District requests that this court quash the subpoena as to this request.

**C.      All payroll records from 2000 to the present relating to the following Metropolitan Police Department employees: a) Jamelle Green a/k/a Jamelle Stallings; b) Michael Muhammad a/k/a/ Michael Matthews; c) Eugene Lonon; d) Daryl Richmond; e) Alexander Shepard.**

For the same reasons stated in section B above, the District objects to the production of these documents for these individuals and further moves to quash the subpoena as to these requested documents.   If this court, however, finds that the documents for these people must be provided to the defendant, the District requests that the District be required to only produce the

6

salary information and the D-4 and W-4 forms for the following individuals: [name the 3

employees]e  According to the government records, employees and have retired from MPD and

the OPRS does not have their records.  Moreover, the District needs at least one-and-a-half

weeks to retrieve these employee records.

**D.      Any affidavits submitted by any Metropolitan Police Department employee from
         2000 to the present asserting that the employee was "exempt" from D.C. or Federal
         taxes.**

For the same reasons stated in section B, the government objects to the production of

Any documents submitted by a MPD employee who claimed an exemption from local and

federal taxes and further moves to quash the subpoena.    Moreover, OPRS has informed this

agency that it is not in the possession of affidavits that purport to exempt employees from D.C.

or Federal taxes.  OPRS only accepts W-4 or D-4 forms from employees to document exemption

status.  No other documents are accepted or retained by OPRS for employee exemption status.  If

an employee was to provide OPRS with any other document that would request a tax exemption

status, it is doubtful that the document would be retained and placed in the employee's file.  And

if the document was filed in the employee's personnel folder, each current employee file would

have to be checked manually for such a document.  To require two OPRS employees to manually

search the files of each MPD employee who claimed an exemption and look for affidavits,

particularly when OPRS does not generally accepts such documents, would be unreasonable and

oppressive.  Moreover, the defendant has failed to show that these documents exist and how it

would be material to his defense.  OPRS would not have any other documents for retired or

terminated MPD employees.  Consequently, the District requests that this court quash the

subpoena as to this request.  If the courts find that the documents must be provided to the

defendant, the District would request from the court an extension of time to provide said

documents.

**E.**    **Any payroll record purporting to be a policy manual or other document setting forth the policies and practices of the Metropolitan Police Department Payroll Departent with respect to: a) the handling of Forms W-4 and W-2; b) withholding of taxes from employees; c) signature requirements on tax forms; and d) forged documents.**

While the District agrees that these documents, if they exist, may be discoverable under Fed. R. Crim. P 16, they are not in the custody, possession and control of OPRS.  Although defendant's subpoena is not directed at MPD, this agency contacted MPD's Controller's Office, who has agreed to inquire about whether these documents exist.  The representative of the Office has informed this agency that she was not aware of any policies but wanted to conduct a search to determine if such documents, in fact, exist.  If they are in existence, the District requests at least a week to provide said documents to defendants since the representative must search other offices/departments in her agency.

**F.**    **For the period 2000 to the present, any payroll record relating to any Metropolitan Police Department employees' attempt to protest taxes, avoid a tax or a withholding obligation, aid or abet another employee in avoiding a tax, or relating to a forged signature on any D.C. or Federal tax form.**

For the same reasons stated in section B, the District objects to the production of these documents and further moves to quash the subpoena for these documents.  This office has been informed that neither OPRS nor MPD are in the possession of documents that protest taxes, avoid tax or a withholding obligations, aid or abet other employees to avoid the payment of taxes, or relating to forged signatures on any D.C. or Federal tax form.  As stated above, OPRS only accepts W-4 or D-4 forms as the official document for employees to claim any type of tax exemption.  No other documents are accepted or retained by the Office.  If such documents do exist, each current employee file would have to be checked manually for such documents, and it is doubtful whether any non-W-4 and D-4 documents regarding tax exemptions will be in these files.  Consequently, it would be unreasonable and oppressive for the District to undertake this

fishing expedition, in light of the fact that the defendant has failed to show that these documents exist and how it would be material to his defense.  For retired or terminated employees, those files are kept with other District agencies and would not be in the OPRS.  Thus, the District requests that this court quash the subpoena as to this request.  If the courts find that the documents must be provided to the defendant, the District requests an extension of time to provide these documents.

**WHEREFORE**, the District of Columbia, by and through undersigned counsel, moves that this Court quash the subpoena, in part, or, in the alternative, to extend time for the District to respond to the subpoena.

Respectfully submitted,

LINDA SINGER
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

/s/ *Phillip A. Lattimore, III*
Phillip A. Lattimore, III [422678]
Chief, General Litigation Sec. I

/s/ *Kerslyn D. Featherstone*
KERSLYN D. FEATHERSTONE [478758]
Assistant Attorney General
Sixth Floor South
441 4th Street, N.W.
Washington, D.C. 20001
(202) 724-6600; (202) 727-3625 (fax)
E-Mail: Kerslyn.Featherstone@dc.gov

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____:
                                       :
UNITED STATES OF AMERICA,              :
                                       :
            v.                         :        Case No. 07-CR0107 (PLF)
                                       :
MICHAEL C. IRVING.                     :        Judge Paul L. Freidman
_____:


## <u>ORDER</u>

Upon consideration of the District of Columbia's Motion to Quash Subpoena, in part, or, in the Alternative, to Extend Time to Respond to Subpoena, the response thereto, if any, and the record herein, it is hereby:

**ORDERED**:  that the Motion is **GRANTED,** and it is

**FURTHER ORDERED**:    that the District shall provide to the Defendant the following documents:

1.  Copies of Michael Irving's D-4 and W-4 for the period of January 1, 2000 to present.

2.  Copy of any document purporting to be a policy manual or other document setting forth the polices and practices of the Metropolitan Police Department Payroll Department with respect to the handling of W-4 and W-2 forms, withholding of taxes from employees; signature requirements on tax forms; and forged documents;   it is

**FURTHER ORDERED**:    that the subpoena as to all other requested documents is **QUASHED.**


**SO ORDERED.**                        _____
                                       THE HON. PAUL FREIDMAN
                                       U.S. DISTRICT COURT JUDGE

Cc:

David Schertler, Esq
David Dickieson, Esq.
*Counsel for Defendant*

DeMaruice Fitzgerald Smith, Esq.
*Counsel for Defendant*

Karen Kelly, Esq.
Michael P. Ben'Ary, Esq.
*Counsel for the United States*

Kerslyn D. Featherstone, Esq.
Phillip A. Lattimore, Esq,
*Counsel for District of Columbia*