IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | 07-CR-107 (PLF) |
| v. | ) ) ) | Judge Paul L. Friedman |
| MICHAEL C. IRVING | ) ) ) |  |

**DEFENDANT'S OPPOSITION
TO THE DISTRICT OF COLUMBIA'S
MOTION TO QUASH SUBPOENA DUCES TECUM**

The Defendant, Michael C. Irving, by his undersigned counsel, hereby opposes the District of Columbia's Motion to Quash Subpoena Duces Tecum, but consents to the District of Columbia's alternative Motion to Extend the Time To Respond To Subpoena.

As an overview to the Defendant's opposition, it must be noted that the District of Columbia, quite understandably, lacks the detailed knowledge of the case and the Defendant's defense and, therefore, the District of Columbia's analysis of the documentary needs of that defense is flawed. The subpoenas at issue were approved by the Court prior to their issuance and the Court revised the scope of the subpoena to meet the Court's concerns about whether the documents requested are material to the Defendant's defense. Moreover, the documents received thus far confirm important elements of the Defendant's defense, as will be discussed below. The remaining documents are critical to the overall defense as the requested documents substantiate the anticipated testimony of the Defendant that he believed that his actions were legal and were approved by the MPD payroll department and the District of Columbia, as well as the IRS.

The following analysis addresses the specific portions of the subpoena and why each such portion is important to the defense.

### A.    PAYROLL RECORDS RELATING TO MICHAEL IRVING

The District of Columbia asserts that it is able to provide copies of the Defendant's D-4 and W-4 forms from January 1, 2000 to the present. The documents provided to date, however, are incomplete with respect to Detective Irving. We know that they are incomplete for two reasons:

Detective Irving was able to obtain, based on his own request, a transmittal sheet which indicates that revised W-4 and D-4 forms were prepared on September 28, 2006 and transmitted from the MPD Payroll Unit to the OPRS on October 12, 2006. See attached Exhibit 1. These September 28, 2006 forms have not been produced by the prosecutors or the OPRS. These missing forms are critical to the defense of Detective Irving. Moreover, Detective Irving also believes that there was at least one other time that he requested the exempt status to be withdrawn and normal withholding of taxes to begin before November 2006, but no such documentation has been produced. Obviously, this evidence is exculpatory and vital to the defense.

The transmittal documents, such as Exhibit 1, should be preserved by the OPRS and turned over if such transmittal documents relate to Detective Irving.

The District of Columbia asserts that OPRS "would generally collect and maintain only D-4 and W-4 forms for *current* District employees." (Emphasis added.) This statement implies that the District of Columbia is laboring under the misimpression that Detective Irving is not a current District employee. That is an erroneous conclusion; Detective Irving remains an employee of the District of Columbia, although he is on administrative leave without pay,

2

pending this prosecution. Moreover, the District of Columbia's argument also implies that OPRS does not keep payroll records other than D-4 and W-4 forms. This would be an incredible statement, as the information sought from the OPRS which has not been received includes documents that were physically attached to the W-4 form and submitted to the MPD payroll office. The District of Columbia apparently expects this Court to believe that the District of Columbia has a policy that its employees are instructed to remove sworn statements attached to an IRS form and to discard those sworn statements before transmitting the W-4 form to the OPRS. Before this Court should accept the District of Columbia's explanation that it does not have these additional documents, the Court should allow the attorneys for the Defendant to question the District of Columbia custodians of records about how and why such sworn statements were destroyed, or if this statement, that such attachments do not exist, is merely an excuse for failing to do a thorough search.

The Irving payroll records should be produced.

**B.  PAYROLL RECORDS RELATING TO FULL-TIME EMPLOYEES WHO ASSERTED A CLAIM OF EXEMPTION FROM TAXES**

The District of Columbia asserts that compliance with the request for payroll records of full-time employees who asserted a claim that they were exempt from DC or federal taxes "would be oppressive and unreasonable, especially when the defendant has failed to state how these documents would be material to his defense." Brief p. 6. However, the Court has already reviewed the subpoena and agreed that the documents would be material to the Defendant's defense. Moreover, the Prosecutors have asserted that Detective Irving committed a crime when he claimed he was "exempt" from withholding of taxes. The Defendant respectfully disagrees and maintains that if his assertion of a claim of exempt status was a crime, he would have been

3

notified by the MPD Payroll Office or the OPRS. After all, the D-4 Form states unambiguously, right below the signature line:

> EMPLOYER: Keep this certificate with your records. If 10 or more exemptions are claimed OR if you suspect this certificate contains false information please send a copy to – Office of Tax and Revenue, 941 N. Capitol St., N.E. Washington, D.C. 20002 Attn: Compliance Administration. [*See* Exhibit 2, attached hereto.]

If the government believes that claiming exempt status is illegal and the OPRS is under a duty to report such false reports to the Office of Tax and Revenue, one would assume that the District of Columbia would have quick access to such records and the internal reports of potential criminal activity. If the District of Columbia's policy is to destroy documents attached to an improper claim for exemption, such policy is tantamount to the District turning a blind eye to such activity.

The District of Columbia complains that it must go through a six-step process to identify such forms, but those steps are common tasks for any document production, as those steps are the very steps that any third party records keeper must go through to produce records pursuant to a subpoena. Are we supposed to excuse the District of Columbia's compliance with a subpoena because it may have to go through the fifth step of photocopying the documents and preparing them for production? Or perhaps the District of Columbia is asserting that it should not have to comply with the subpoena because it would involve an initial step of identifying the documents that are requested by the subpoena? The fact that OPRS has not already identified full-time DC employees who are claiming to be tax exempt is proof that the District of Columbia does not perceive the alleged crime by the Defendant to be a crime at all, and it confirms the Defendant's view that the payroll specialists within the District of Columbia did not believe that Detective Irving's claim of exemption was illegal, contained false information, or was even suspicious.

If the OPRS were doing its job, the District of Columbia should have no difficulty identifying the full-time employees who asserted a claim of exemption from taxes, as they were already under an obligation to identify and report such unusual D-4 forms to the Office of Tax and Revenue. The Defendant is merely asking the District of Columbia OPRS to do what it is already obligated to do – identify improper or suspicious claims of exemption – and turn those records over to defense counsel. These records are material to the defense of the case, and the District of Columbia has no valid basis for claiming that identifying such records would be oppressive, as the records should have been previously identified for obvious law enforcement purposes.

The District of Columbia also makes the statement that "the District is not prosecuting him [Irving] for any criminal offense." Brief p. 5. The District of Columbia is simply uninformed, as the District of Columbia Office of Tax and Revenue was the initial motivator behind the prosecution for alleged District of Columbia tax fraud.

### C.     PAYROLL RECORDS FOR FIVE MPD EMPLOYEES

The District of Columbia objects to providing payroll information with respect to the MPD employees specifically named by Detective Irving as fellow police employees who also claimed to be exempt from taxes. The Court has already ruled that such information would be material to the Defendant's preparation of his case. Moreover, the Defendant has already received IRS official transcripts for the MPD employees, which verify that each of these employees claimed a tax-exempt status. Clearly, this is not a fishing expedition. The additional payroll records are vital because the IRS transcripts are IRS-generated records and would not be useful in eliciting testimony of any of those employees who claimed exempt status. The actual documents filed with the MPD payroll office and stored with the OPRS are vital to corroborating

5

Detective Irving's claim of exempt status because he was advised by his detective partner to do so; his detective partner showed him payroll records verifying the tax exempt status, and that several other MPD employees were also asserting exempt status with no negative consequences.

The District of Columbia asserts that it should be required to produce only the salary information and the D-4 and W-4 forms for the five MPD employees identified by the Defendant. This truncation of the request omits the most significant documents – records supporting the claim of exemption and any documentation from the District of Columbia noting the exemption, addressing the claim of exemption, or rejecting the claim of exemption. The information sought to be excluded by the District of Columbia would gut the purpose of the request.

The District of Columbia maintained on October 22, 2007 that it needed one and a half weeks to retrieve these employee records. That time has now passed and those payroll records should be available.

### D. ANY AFFIDAVITS ASSERTING AN EMPLOYEE WAS EXEMPT FROM DC OR FEDERAL TAXES

The District of Columbia provides two rationales for not complying with the request in the subpoena for affidavits asserting that an employee was exempt. First, it maintains that such affidavits would not be retained by the District and not placed in the employee's personnel file. This claim is shocking as it directly contradicts the Government's position in this case, namely, that the assertion of a claim of exemption supported by an affidavit is a criminal offense. If the District of Columbia has a policy of routinely destroying evidence of such crimes, such policy should be addressed directly in this case and not excused as a basis for quashing a subpoena.

Based on information already learned in this case -- that the District of Columbia was able to locate the affidavit filed by the Defendant in the payroll records -- we seriously doubt that the irresponsible policy of destroying such affidavits is, in fact, in place. This undocumented policy appears to be a poor excuse for not bothering to look for the important documents requested by the subpoena.

The District of Columbia also asserts that a search of all the files of each MPD employee who claimed to be exempt from taxes would require two OPRS employees. There is no indication as to how long it would take these two hypothetical employees to search the files, so the claim of oppression is not fully asserted. Moreover, this argument appears to indicate that the OPRS believes that there are a very substantial number of MPD employees who have asserted that they are exempt from taxes. The interests of the Defendant and the District of Columbia are congruent on this point: the District should have an interest in identifying employees who are claiming they are exempt from taxes and evading their tax obligations to the District, while the Defendant has an interest in corroborating his testimony on the influences which led to his actions. Evidence of such a groundswell of police officers and MPD employees doing exactly what Detective Irving did serves to corroborate his view that he did not believe he was doing anything against the law.

In addition, as mentioned *supra*, the OPRS should be highly motivated to identify other employees who have asserted a claim of exemption using an affidavit to support such claim, as Detective Irving did, as it would assist in maintaining the integrity of the payroll system and assist the DC tax enforcement system. In light of the recent fraud indictments brought against managers Harriet Walters and Diane Gustus in the Office of Tax and Revenue, the District should be focused on the task of uncovering all tax schemes and not claiming that the effort to

identify potentially fraudulent claims of exemption would be oppressive.[1]  The requested affidavits should be produced.

### E. POLICIES AND MANUALS REGARDING PAYROLL PRACTICES

Again, the OPRS claims that policies regarding the handling of W-4 records and for withholding taxes from employees may not exist.  However, this claim contradicts the claim made earlier in the District of Columbia's brief that the District had a policy of only accepting the W-4 and D-4 forms and would not accept any additional documents that might be attached to such forms.  The District of Columbia does not request that this portion of the subpoena be quashed, but that it be given a week to provide such documents since it must search other offices.  More than a week has passed, but no new documents have been provided.  This request should be enforced.

### F. PAYROLL RECORDS RELATING TO TAX PROTESTS, AVOIDING WITHHOLDING OBLIGATIONS, AIDING ANOTHER EMPLOYEE IN AVOIDING TAXES OR RELATING TO FORGED SIGNATURES ON ANY TAX FORM

The District of Columbia asserts that it has no records relating to any tax protests or avoiding withholding obligations, even though such records underlie the premise of the

---

[1]  The *Washington Post* reported:

> One of the biggest questions, a day after the massive scheme was announced by federal authorities, was how Walters, Gustus and others allegedly could have gotten away with such a high-volume theft for so long. The fraud was never noticed by city officials, though Walters's office is part of Chief Financial Officer Natwar M. Gandhi's office.
> 	The FBI started following the trail of checks after a bank employee questioned a D.C. refund check for a corporation that the account holder could not prove existed.

[*Washington Post*, Friday, November 9, 2007, Page A1.]  Of course, fraud will never be identified if the District maintains that the effort to identify the fraudulent conduct is "oppressive."

8

Government's case against Detective Irving.  Moreover, the Government has provided IRS official transcripts that verify that all five of the persons identified by Detective Irving were involved in a plan to avoid withholding obligations.  Therefore, it is already a foregone conclusion that such documents exist.  The District of Columbia refers to this request as a fishing expedition, despite the fact that this request was vetted by the Court prior to being issued.  The District of Columbia also argues that, if it is required to provide such documents, it will need an extension of time to provide them.  Since the trial has been postponed until March 31, 2008, a reasonable extension of time to search for and provide these documents is acceptable to the Defendant.  These initial documents should be produced as soon as possible.

### G.     CONCLUSION

For the reasons stated herein, the Defendant respectfully requests that the District of Columbia's Motion to Quash be denied and that its request to extend time to respond be granted to provide additional time until December 1, 2007 for the District of Columbia to respond.

Date:  November 12, 2007

Respectfully submitted,

SCHERTLER & ONORATO, LLP

/s/
David Schertler (DC Bar #367203)
David Dickieson (DC Bar #321778)
601 Pennsylvania Avenue, NW
North Building, 9th Floor
Washington, DC 20004
Telephone: (202) 628-4199
Facsimile: (202) 628-4177

# Exhibit 1 – Transmittal Form

# To

# Defendant's Opposition
# To the District of Columbia's
# Motion to Quash
# Subpoena Duces Tecum

12/06/2006  10:40    2027272091              PAYROL                              PAGE  02/02

| | | PAY GROUP: 02 | AGENCY: METROPOLITAN POLICE DEPARTMENT |||||
|---|---|---|---|---|---|---|---|
| | | | CODE:  NAME:   ATTN: MS. KIRKLAND |||||
| | EMPLOYEE INFORMATION || | DATE PREPARED ||| SHORT TITLE OR NUMBER OF SOURCE DOCUMENT |
| | NAME | SOCIAL SECURITY NUMBER | ORGANIZ CODE | MO | DA | YR | |
| 1 | KENNY, NORMAN | | 13022300 | 10 | 10 | 06 | FORM W-4 |
| 2 | LEE, MURIEL A. | | 13142000 | 10 | 10 | 06 | FORM W-4 |
| 3 | HARVEY, MICHAEL | | 13021600 | 10 | 06 | 06 | DIRECT DEPOSIT |
| 4 | PARKER, ROBERT L. | | 13056000 | 10 | 12 | 06 | DIRECT DEPOSIT |
| 5 | BEAMAN, SHEILA T. | | 13146000 | 10 | 12 | 06 | PAYROLL DEDUCTIC |
| 6 | JENKINS, MICHEAL | | 13020500 | 10 | 11 | 06 | FORM W-4 |
| 7 | HYATT, WILLIAM | | 13054000 | 10 | 11 | 06 | FORM W-4 |
| 8 | LITTLEJOHN, MICHEAL | | 13020500 | 10 | 09 | 06 | PAYROLL DEDUCTIC |
| 9 | IRVING, MICHAEL | | 13056000 | 09 | 28 | 06 | FORM D-4 |
| 10 | IRVING, MICHAEL | | 13056000 | 09 | 28 | 06 | FORM W-4 |
| 11 | ABRAHAM, ERIKA | | 13142000 | 10 | 10 | 06 | DIRECT DEPOSIT |
| 12 | KENNY, NORMAN | | 13022300 | 10 | 10 | 06 | MW 507 |
| 13 | CLEMENTS, ROBERT | | 13022200 | 10 | 07 | 06 | ALLOTMENT CANCELLATION |
| 14 | BRACEKETT, SHANNON | | 13021600 | 10 | 10 | 06 | FORM W-4 |
| 15 | ANDERSON, DANA | | 13141000 | 10 | 10 | 06 | DIRECT DEPOSIT |

SUBMITTED BY:

NAME: ___LATISHA MASON___

DATE: ___OCTOBER 12, 2006___

RECEIVED BY:

NAME: _____

DATE: _____

# Exhibit 2 – D-4 FORM

# To

# Defendant's Opposition
# To the District of Columbia's
# Motion to Quash
# Subpoena Duces Tecum

★ ★ ★ Government of
the District of Columbia

_____ Year

**D-4 Employee Withholding Allowance Certificate**

Your first name                                            M.I.   Last name

Home address (number and street)                                                           Apartment number

                                                                                            Social security number

City                                                       State        Zip code +4

1   Tax filing status  *Fill in only one:*   Single   Married filing jointly   Married filing separately   Head of household
                                                                  Married filing separately on same return

2   Total number of withholding allowances from worksheet below
3   Additional amount, if any, you want withheld from each paycheck
4   If you are claiming exemption from withholding, read below and write "EXEMPT" in this box.

    I am exempt because: last year I did not owe any DC income tax and had a right to a full refund of all DC income tax withheld from me; and this year I do not expect to owe any DC income tax and expect a full refund of all DC income tax withheld from me; and I qualify for exempt status on federal Form W-4.

    If claiming withholding exemption, are you a full-time student?   Yes   No

Signature   Under penalties of law, I declare that I have examined this return and to, the best of my knowledge, it is correct.

Employee's signature                    Date

*Employer* Keep this certificate with your records. If 10 or more exemptions are claimed or if you suspect this certificate contains false information please send a copy to: Office of Tax and Revenue, 941 North Capitol St., NE, Washington, DC 20002-4259 Attn: Compliance Administration

✂ Detach and give top portion to your employer. Keep bottom portion for your records.

---

★ ★ ★ Government of
the District of Columbia

**D-4 Employee Withholding Allowance Worksheet**

### Section A  Number of withholding allowances

| | | |
|---|---|---|
| a | Enter 1 for yourself and | a |
| b | Enter 1 if you are filing as a head of household and | b |
| c | Enter 1 if you are 65 or over and | c |
| d | Enter 1 if you are blind | d |
| e | Enter number of dependents | e |
| f | Enter 1 for your spouse if filing jointly | f |
| g | Enter 1 if married filing jointly and your spouse is 65 or over and | g |
| h | Enter 1 if married filing jointly and your spouse is blind | h |
| i | Number of allowances  Add Lines a through h and enter on Line 2. If you would like to claim additional allowances, complete section B below. | i |

### Section B  Additional withholding allowances

| | | |
|---|---|---|
| j | Enter estimate of your itemized deductions | j |
| k | Enter $1,250 if married filing separately; all others enter $2,500 | k |
| l | Subtract k from j | l |
| m | Multiply $1,500 by number of allowances on Line i | m |
| n | Divide l by m. Round to the nearest whole number. | n |
| o | Add Lines n and i and enter on Line 2 above. | o |

D-4  P1

Employee Withholding Allowance Certificate                                          Revised 4/07

✂ Detach and give top portion to your employer. Keep bottom portion for your records.

------------------------------------------------------------------------

**Who must file a Form D-4?**
Every new employee who resides in DC and who is required to have taxes withheld, must fill out Form D-4 and file it with his/her employer. If you are not liable for DC taxes because you are a nonresident you must file Form D-4A (Certificate of Nonresidence in the District of Columbia) with your employer.

**When should you file?**
File Form D-4 whenever you start new employment. Once filed with your employer, it will remain in effect until you file an amended certificate. You may file a new withholding allowance certificate any time if the number of withholding allowances you are entitled to increases. You must file a new certificate within 10 days if the number of withholding allowances you claimed decreases.

**How many withholding allowances should you claim?**
Use the worksheet on the front of this form to figure the number of withholding allowances you should claim. If you want less money withheld from your paycheck, you may claim additional allowances by completing Section B of the worksheet, Lines j through o. However, if you claim too many allowances, you may owe taxes at the end of the year.

**Should I deduct an additional amount from my paycheck?**
In some instances, even if you claim zero withholding allowances, you may not have enough tax withheld. You may, upon agreement with your employer, have more tax withheld by entering on Line 3, a dollar amount of your choosing.

**What to file**
After completing Form D-4, detach the top portion and file it with your employer. Keep the bottom portion for your records.