IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DISTRICT OF COLUMBIA** : | |
| v. : | Case No. 07-mc-427 |
| **MICHAEL C. IRVING** : | Magistrate Judge Deborah A. Robinson |

## JOINT STATUS REPORT

The District of Columbia, by and through counsel, jointly with counsel for the defendant, David Dickieson, hereby submit this joint status report in response to the Court's order on February 6, 2008.

This matter is before the Court on three (3) Subpoenas *Duces Tecum* issued by defendant on three government agencies: (1) D.C. Office of Pay and Retirement Services; (2) Metropolitan Police Department; and (3) D.C. Retirement Board.[1]

On February 5, 2008, this court held a status hearing to discuss the outstanding discovery issues as it pertained to the outstanding subpoenas. The court continued the matter for a hearing on February 19, 2008, at 11:00 a.m. The court ordered the parties to complete the following:

1. Determine which items were still outstanding as it pertained to the records request in the issued subpoenas

2. Obtain copies of the transcripts from the two previous hearings held before Judge Freidman on January 4, 2008 and January 18, 2008.

3. Determine rulings made by Judge Freidman with respect to the outstanding subpoenas.

---

[1] The District is only in possession of the subpoena and order issued referencing the Office of Pay and Retirement Services. Counsel for Defendant stated that the subject of the subpoena issued to the Metropolitan Police Department was requesting the same information. The Office of the Attorney General is unaware of any subpoena issued on the D.C. Retirement Board, other than through representations of counsel for defendant at a subsequent hearing on January 18, 2008 in *U.S. v. Michael Irving,* 07-CR-107(PLF).

4. File a joint status report with this Court no later than Friday, February 15, 2008 at 12:00 p.m. outlining remaining outstanding issues.

Pursuant to this court's order, the parties have discussed the outstanding discovery issues and submit the following report.

A. **All payroll records relating to Michael C. Irving during the period January 1, 2000 to present, including, but not limited to: a) District of Columbia Forms D-4; b) Internal Revenue Service Forms W-4; c) Any documents relating to Mr. Irving's claim that he was "exempt" from D.C. or Federal taxes; and d) Any transmittal payroll records relating to Michael C. Irving indicating, for example, any action taken or to be taken by the Payroll Unit with respect to Detective Irving.**

**Government:** The District was ordered by the court at the January 4, 2008, status hearing to provide documents responsive to this request. The District has complied with this request and all documents in the payroll file of Michael Irving pursuant to this request in the government's possession have been provided to defendant.

**Defendant:** Detective Irving has provided a copy of an official transmittal document indicating that a W-4 form and a D-4 Form prepared in September 2006 were sent from MPD to OPRS in early October. The DC Government has failed to produce those two key forms claiming that the office policy was not to retain such records after a subsequent form was filed. This raises several questions: (i) why hasn't the DC Government provided this office policy which was explicitly requested by the subpoena; and (ii) what is the logic behind this intentional destruction of tax records for 2006 when records for 2005, 2004 and 2003 are preserved? The failure to produce these records that have been specifically identified raises questions about other documents in Detective Irving's files which may not have not been produced because of an inadequate review of the files. The Defendant asserts that the search for these specifically identified documents has been grossly inadequate.

2

B. **All payroll records from 2000 to present relating to full-time employees who asserted the claim that they were exempt from D.C. or federal taxes.**

Government: The District represents that at the January 4, 2008, status hearing before Judge Freidman, the Court stated that the District only had to comply with the request as it pertained to Michael Irving and the other five individually-named persons, *infra*, section C.  In making this ruling, the Court stated that he was ruling in this manner consistent with his ruling with respect to the criminal matter in *U.S. v. Michael Irving,* 07-107 (PLF). The Court held a subsequent hearing on this matter on January 18, 2008, in which the District was not present.  The Government has attempted to procure a copy of the transcript of the January 4, 2008, status hearing and the January 18, 2008, status hearing to determine the rulings made by Judge Freidman. However, due to the short time provided by the Court to file this Joint Status Report, the District has been unsuccessful in obtaining a purchase order for the preparation and production of both the January 4, 2008 and January 18, 2008, status hearing transcripts.  The court reporter for the January 18, 2008, status hearing, Linda Russo, has been contacted regarding this request and has indicated the transcript is ready.  The court reporter for the January 4, 2008, status hearing, Jackie Sullivan, has been contacted and, to date, has not responded to the government's messages.  Because there is a dispute between the parties as it pertains to this request, the government respectfully requests additional time to procure the transcripts and provide a supplemental report, which would clarify Judge Freidman's rulings on this request.

Defendant:   The Defendant disputes the assertion that any final decision was made by Judge Freidman, only that he was inclined to deny the request as unduly burdensome.

However, new evidence provided by the DC Government indicates that the request would not be burdensome. The DC Government asserts that such a search for full-time MPD employees who claimed they were exempt from taxes would require a handsearch of every one of the full-time employees' files – perhaps 4,000 files. This claim is contradicted by the documents produced by DC for Eugene Lonon and Alexander K. Shepard. These documents are computer payroll records from the MPD. Since it is clear that a computer database is used, a search could quickly be done of that database to determine which employees had $-0- taxes withheld during the relevant time period. Such a search would quickly narrow the search down to the subject group and avoid a handsearch of all MPD employee files. Moreover, the MPD payroll office and the OPRS were obligated to report to the DC Tax and Revenue Department any instance of excessive allowances claimed which would reduce withholding taxes to $-0-. The records of such reports should be easily accessible to the DC MPD and the OPRS. Despite this evidence that the requested documents are easily available, the DC Government continues to claim that such a search would be unduly burdensome.

C. **All payroll records from 2000 to the present relating to the following Metropolitan Police Department employees: a) Jamelle Green a/k/a Jamelle Stallings; b) Michael Muhammad a/k/a/ Michael Matthews; c) Eugene Lonon; d) Daryl Richmond; e) Alexander Shepard.**

**Government:** The District was ordered by the court at the January 4, 2008, status hearing to provide documents responsive to this request. The District has complied with this request and all documents in the payroll file of the five individually-named persons pursuant to this request in the government's possession have been provided to defendant.

**Defendant:** The records produced are clearly incomplete and are missing many key documents. For example, in order to maintain an exempt status, each of these MPD

4

employees would be required to file W-4 and D-4 forms at the beginning of each year that exempt status was claimed. Few if any of these forms were included in the material provided by the DC Government. Such forms are vital to show that the MPD payroll office was actually complicit in the claims of tax exempt status.

The Defendant, Michael Irving, by his counsel, continues to press for full compliance with the subpoenas. Some documents were received with respect to the payroll records of the Defendant and the five other Metropolitan Police Department employees and those documents verify that Detective Irving was not acting alone in claiming he was exempt from taxes. Each of the five other MPD employees records verify that they asserted they were exempt from taxes. The records produced by the District of Columbia verify that tax filings virtually identical to Detective Irving's tax filings were filed by persons at MPD who were never charged with any tax crime. These records will help to verify that Detective Irving honestly believed that his claim of exemption was legal because it was a common practice at the MPD and approved by the MPD payroll department. It is vital that a thorough search be completed by someone who is familiar with payroll records and how they are maintained.

D. **Any affidavits submitted by an Metropolitan Police Department employee from 2000 to the present asserting that the employee was "exempt" from D.C. or federal taxes.**

**Government:** The District represents that at the January 4, 2008, status hearing before Judge Freidman, the Court stated that the District only had to comply with the request as it pertained to Michael Irving and the other five individually-named persons, *infra*, section C. In making this ruling, the Court stated that he was ruling in this manner consistent with his ruling with respect to the criminal matter in *U.S. v. Michael Irving,* 07-107 (PLF). The Court held a subsequent hearing on this matter on January 18, 2008,

in which the District was not present. The Government has attempted to procure a copy of the transcript of the January 4, 2008, status hearing and the January 18, 2008, status hearing to determine the rulings made by Judge Freidman. However, due to the short time provided by the Court to file this Joint Status Report, the District has been unsuccessful in obtaining a purchase order for the preparation and production of both the January 4, 2008 and January 18, 2008, status hearing transcripts. The court reporter for the January 18, 2008, status hearing, Linda Russo, has been contacted regarding this request and has indicated the transcript is ready. The court reporter for the January 4, 2008, status hearing, Jackie Sullivan, has been contacted and, to date, has not responded to the government's messages. Because there is a dispute between the parties as it pertains to this request, the government respectfully requests additional time to procure the transcripts and provide a supplemental report, which would clarify Judge Freidman's rulings on this request.

**Defendant:** See Defendant's response to Item B above. The Defendant strongly disagrees that Judge Freidman made any ruling that ONLY records relating to the five identified MPD employees had to be turned over. Judge Freidman stated that *AT A MINIMUM*, the records of the five MPD employees must be turned over.

E. **Any payroll record purporting to be a policy manual or other document setting forth the policies and practices of the Metropolitan Police Department Payroll Department with respect to: a) the handling of Forms W-4 and W-2; b) withholding of taxes from employees; c) signature requirements on tax forms; and d) forged documents**

**Government:** The District was ordered by the Court at the January 4, 2008, status hearing to provide information responsive to this request, if such a document or manual exists. In speaking with both the Office of Pay and Retirement Services and the

Metropolitan Police Department, the District represents that there is no such document or manual responsive to this request.

**Defendant:** The Defendant maintains that the District of Columbia continues to withhold key policy documents. For example, the subpoenas requested policies applied in the MPD payroll office, the Office of Pay and Retirement Services and the DC Retirement Board relating to payroll records and document retention. Not a single record has been produced responsive to this request. The DC Government assertion that "no manual exists," misses the point. The subpoena was not limited to manuals, but covered any written policy statement in any form. It is beyond belief that these bureaucracies would lack any written policies regarding document retention and payroll files.

F. **For the period 2000 to the present, any payroll record relating to any Metropolitan Police Department employees' attempt to protest taxes, avoid a tax or a withholding obligation, aid or abet another employee in avoiding a tax, or relating to a forged signature on any D.C. or Federal tax form.**

**Government:** The District represents that at the January 4, 2008, status hearing before Judge Freidman, the Court stated that the District only had to comply with the request as it pertained to Michael Irving and the other five individually-named persons, *infra*, section C. In making this ruling, the Court stated that he was ruling in this manner consistent with his ruling with respect to the criminal matter in *U.S. v. Michael Irving,* 07-107 (PLF). The Court held a subsequent hearing on this matter on January 18, 2008, in which the District was not present. The Government has attempted to procure a copy of the transcript of the January 4, 2008, status hearing and the January 18, 2008, status hearing to determine the rulings made by Judge Freidman. However, due to the short time provided by the Court to file this Joint Status Report, the District has been unsuccessful in obtaining a purchase order for the preparation and production of both the January 4,

7

2008 and January 18, 2008, status hearing transcripts. The court reporter for the January 18, 2008, status hearing, Linda Russo, has been contacted regarding this request and has indicated the transcript is ready. The court reporter for the January 4, 2008, status hearing, Jackie Sullivan, has been contacted and, to date, has not responded to the government's messages. Because there is a dispute between the parties as it pertains to this request, the government respectfully requests additional time to procure the transcripts and provide a supplemental report, which would clarify Judge Freidman's rulings on this request.

**Defendant:** As stated above, the Defendant maintains that payroll records relating to tax protest activities should be readily available to the MPD payroll office and the OPRS. The protest documents are unusual documents within any payroll office and they beg special attention. The documents are lengthy and would defy a mindless filing by a clerk. As stated above, once a computer database search identifies those employees who had $0 taxes withheld from their pay, checking the files of those employees for protest affidavits and similar documents would be a simple matter. Consequently, the Defendant continues to request enforcement of this aspect of the subpoenas.

Respectfully submitted,

PETER J. NICKLES
Interim Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

_____/s/_____
Phillip A. Lattimore, III [422678]
Chief, General Litigation Sec. III

_____/s/_____
KERSLYN D. FEATHERSTONE [478758]
Assistant Attorney General
Sixth Floor South
441 4th Street, N.W., Suite 600
Washington, D.C. 20001
(202) 724-6600 (office)
(202) 727-3625 (fax)
E-Mail: Kerslyn.Featherstone@dc.gov

_____/s/_____
David Schertler, Esq. [367203]
David H. Dickieson, Esq. [321778]
**Schertler & Onorato, L.L.P.**
601 Pennsylvania Avenue, NW
North Building, 9th Floor
Washington, DC  20004
Phone: (202) 628-4199
Fax:  (202) 628-4177